IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT JACKSON

FILED BY ec D.C.

05 OCT -3 PM 12:47

THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN, JACKSON

JOSEPH KYLE,

    Plaintiff,

vs.

    Civil Action No.1-04-1180-T/AN

BENTON COUNTY, TENNESSEE, et al.

    Defendant.

### PRETRIAL ORDER

In accordance with Rule 16, Fed. R. Civ. P. the following constitutes the Pretrial Order in this matter.

    1.    PARTIES.

The Court has previously granted summary judgment in part and declined to exercise jurisdiction over certain claims by Order entered on September 12, 2005. The remaining parties are the Plaintiff, Joseph Kyle, and the Defendants, Benton County, Tennessee and Jimmy Thornton.

    2.    JURISDICTION.

This is a civil rights claim pursuant to 42 U.S.C. § 1983 based upon alleged violations of the First and Fourteenth Amendments. The Court has jurisdiction pursuant to the provisions of 28 U.S.C. §§ 1331 and 1343.

    3.    PENDING MOTIONS.

There are no pending motions.

    4.    A SHORT STATEMENT OF THE CASE.

This is a lawsuit brought by Joseph Kyle under the federal Civil Rights Act whereby Joseph Kyle alleges that his civil rights were violated by Mayor Jimmy Thornton and

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 10/3/05



Benton County, Tennessee. The Defendants deny that they violated his civil rights.

### 5.  PLAINTIFF'S CONTENTIONS.

Plaintiff was a critic of many aspects of Benton County, Tennessee government, including Jimmy Thornton. He regularly attended County Commission meetings and Committee meetings and spoke at such meetings. Jimmy Thornton was the chairman of the meetings. The County Commission had an informal rule that allowed the individual members of the public to speak at meetings but each person had a five-minute limit. There were no formal rules on topics that may be discussed but Mayor Thornton had an informal rule that prohibited members of the public to "bash" members of the Commission who were not present to defend themselves from "bashing" by the public.

In May of 2004 Plaintiff attended the County Commission meeting and was recognized to speak by Mayor Thornton. Plaintiff began speaking about the fact that one Commissioner had assaulted him after a Committee meeting and he had been verbally harassed by another Commissioner. Plaintiff also complained about his general dissatisfaction with the County Commission. Prior to Plaintiff's five minutes of speaking time expiring, Plaintiff was ordered removed from the meeting by Mayor Thornton. Plaintiff was removed by Benton County Sheriff's for disrupting a public meeting and charged criminally. The charges were eventually dismissed.

Prior to the May 2004 meeting, Mayor Thornton had admonished the public in County Commission meetings from applauding or showing verbal support for unfavorable comments made about the Commission but allowed applauding and verbal support for comments about the Commission that were favorable.

2

Plaintiff contends that the rules regarding no "bashing" of absent Commissioners was arbitrary and capricious and thus violations of Plaintiff's First and Fourteenth Amendment rights. All of this amounted to violations of the federal Civil Rights Act.

6. DEFENDANTS' CONTENTIONS.

Thornton is the County Mayor and, as such, is the presiding officer of the Benton County Commission. As the presiding officer, Thornton has an obligation to preserve a level of order at the meetings including the public portion hearing of the meetings. He has the discretion to recognize various persons who wish to speak on subjects at the meeting including the order in which they are recognized. Persons who are recognized are limited to a period of five (5) minutes in length. They are not required to take the entire five (5) minutes and when they indicate they are finished, Thornton recognizes others who wish to speak.

Both before and after the incident in question, Kyle, as well as many others, have been critical of the County Commission, most of which relate to taxation and budget issues as Benton County faces the cost of dearly needed upgrades to its jail and ever increasing costs related to providing services. Kyle has addressed the County Commission on numerous occasions, both before and after the incident, and has been critical or made personal attacks on a number of County officials, including Thornton, both inside and outside the commission meetings. On the night in question, Kyle initially did not address the County Commission but addressed the audience. He was told to address the County Commission. When it became evident that he was making personal attacks, not on Thornton, who would have allowed such attacks, but on two commissioners who were not present, he was interrupted and told he could not make attacks on persons not present to

3

defend themselves. The attacks involved incidents having nothing to do with county business or the commissioners' official conduct.

This was not an interference of his right to free speech but was a reasonable time, manner and place restriction. It has not prevented him from exercising his rights before or after the incident in question as will be shown. To the extent that it constitutes any such unreasonable restriction, it was *de minimus* at best.

7. STATEMENT OF UNDISPUTED FACTS.

A. In May 2004, Joseph Kyle attended a County Commission meeting and was recognized to address the Commission at the public hearing or comment portion of the meeting.

B. Mayor Thornton was the chairmen of the County Commission and no formal rules were ever adopted regarding the content of speech by the general public at such meetings.

C. There was a rule that all persons who wished to speak at County Commission meetings were allowed to do so but they were limited to five minutes.

D. Mayor Thornton had an informal rule that the general public could not "bash" members of the County Commission who were not present to defend themselves.

E. Joseph Kyle had been a consistent critic of Mayor Thornton and certain members of the County Commission and County Government.

F. At the May 2004 County Commission meeting, Plaintiff was recognized to speak and began initially to address the audience and not the Commission. After being instructed to do so, Plaintiff began to address the commission. When he began to speak about alleged phone harassment by Commissioner Tommy Spence and an alleged assault

4

by Commissioner Dale Cunningham, both of whom were not present at the time, of the public hearing or comment portion of the meeting, Thornton told him he was not going to allow him to attack people who were not there to defend themselves.

    G.    Some of the Commissioners had left the meeting prior to the meeting being opened for comments from the general public.

    H.    Plaintiff was removed from the meeting by Sheriff's deputies and subsequently arrested for disrupting a public meeting. (This is admitted by the Defendants but Defendants dispute its relevance since the Court dismissed the claims as they related to the arrest and has found that probable cause existed and that Kyle was in violation of the meeting as a matter of law).

    I.    The criminal charges were eventually dismissed. (This is admitted by the Defendants but Defendants dispute its relevance since the Court dismissed the claims as they related to the arrest and has found that probable cause existed and that Kyle was in violation of the meeting as a matter of law).

    8.    CONTESTED ISSUES OF FACT.

    A.    Whether Kyle was told to sit down and was ruled out of order after he began to raise his voice and argue with Thornton.

    B.    Whether or not the rule regarding no bashing of absent Commissioners was designed to prevent negative comments about individual Commissioners.

    C.    Whether or not Mayor Thornton allowed raucous actions by the public at Commission meetings in response to positive comments about the Commission or Commissioners but not allow similar comments and actions for similar behavior in response to negative comments about the Commission or Commissioners.

D. Whether or not Plaintiff suffered any actual damages as a result of the actions of Mayor Thornton and Benton County, Tennessee.

E. If Thornton violated the Plaintiff's rights, whether such was done with malice or reckless indifference to his rights.

9. CONTESTED ISSUES OF LAW.

A. Whether Jimmy Thornton violated the First and Fourteenth Amendment rights of Plaintiff.

B. Whether the rules of the County Commission regarding bashing of Commission members were policy or custom of Benton County, Tennessee.

C. Whether the Plaintiff is entitled to punitive damages.

D. Whether the Plaintiff is entitled to attorneys' fees and, if so, the amount of such fees.

10. PLAINTIFF'S EXHIBITS.

A. Videos of Benton County Commission meeting dated February 17, 2004, May 17, 2004, and June 21, 2004.

B. Statement of Robert Pace dated May 10, 2004.

11. PLAINTIFF'S WITNESSES.

A. Plaintiff will call:

1. Joseph Kyle

B. Plaintiff may call:

1. Robert Pace

2. Brenda Kyle

3. Jimmy Thornton

        4. Cecil Wells

        5. Tim Vitt

        6. Ricky Pafford

        7. Jason Lowery

12.   <u>DEFENDANTS' WITNESSES</u>.

A.   Defendants will call:

    1.   Jimmy Thornton

B.   Defendants may call:

    1.   Cecil Wells

    2.   Dale Cunningham

    3.   Murlene Steinbuck

    4.   Rebuttal Exhibits

13.   <u>DEFENDANTS' EXHIBITS</u>.

A.   Plaintiff's Deposition

B.   Web postings and comments made by the Plaintiff on www.bentoncountyissues.com.

C.   Web postings and comments made by the Plaintiff on www.thorntonism.com.

D.   Minutes of County Commission meetings since May 2004.

E.   Copies of convictions/criminal history records of Joseph Kyle.

F.   Rebuttal or impeachment exhibits.

14.   <u>MISCELLANEOUS MATTERS AND ESTIMATED LENGTH OF TRIAL</u>.

This is a jury trial. The Plaintiff is requesting a VCR/DVD player to show various

videos of County Commission meetings. The parties estimate the trial will take approximately two days.

**IT IS SO ORDERED.**

_____
JAMES D. TODD
United States District Judge

3 October 2005

PREPARED AND APPROVED FOR ENTRY:

_____
**FRANK DESLAURIERS**
P.O. Box 1156
Covington, Tennessee 38019
(901) 476-5356
(901) 476-5096 facsimile
**Attorney for Plaintiff**

_____
**JOHN D. SCHWALB**
**WILLIAMS & SCHWALB, PLLC**
The Lotz House
1111 Columbia Avenue
Franklin, Tennessee 37064
(615) 794-7100
**Attorney for Defendants**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 30 in case 1:04-CV-01180 was distributed by fax, mail, or direct printing on October 3, 2005 to the parties listed.

---

John D. Schwalb
WILLIAMS & SCHWALB, PLLC
1111 Columbia Ave.
Franklin, TN 37064

Frank M. DesLauriers
DESLAURIERS LAW FIRM
P.O. Box 1156
Covington, TN 38019--115

D. Scott Porch
WILLIAMS & SCHWALB, PLLC
1111 Columbia Ave.
Franklin, TN 37064

Honorable James Todd
US DISTRICT COURT